**Teresa H. Pearson, P.C., OSB No. 953750**
teresa.pearson@millernash.com
**Bruce A. Rubin, P.C., OSB No. 763185**
bruce.rubin@millernash.com
**Clifton Molatore, P.C., OSB No. 044699**
clifton.molatore@millernash.com
MILLER NASH LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204-3699
Telephone: (503) 224-5858
Facsimile: (503) 224-0155

    Attorneys for Plaintiff
    Wells Fargo Capital Finance, Inc., formerly
    known as Wells Fargo Foothill, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| WELLS FARGO CAPITAL FINANCE, INC., formerly known as Wells Fargo Foothill, Inc., a California corporation, as Administrative Lender and Agent on behalf of itself, Bank of America, N.A., and The CIT Group/Business Credit, Inc.,<br><br>    Plaintiff,<br><br>    v.<br><br>NORTH PACIFIC GROUP, INC., an Oregon corporation; NOR PAC ENTERPRISES, INC., an Oregon corporation; RTH LUMBER CO., an Oregon corporation; and BURNS HOLDINGS, INC., a dissolved Oregon corporation<br><br>    Defendants. | CV No. _____<br><br>STIPULATED MOTION FOR THE APPOINTMENT OF A RECEIVER |

    Plaintiff Wells Fargo Capital Finance, Inc., formerly known as Wells Fargo

Foothill, Inc., and defendants North Pacific Group, Inc. ("NPG"), NOR PAC Enterprises, Inc.

Page 1 -    Stipulated Motion for the Appointment of a Receiver

PDXDOCS:1877390.3

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204-3699

("Nor Pac"), RTH Lumber Co. ("RTH"), and Burns Holdings, Inc. ("Burns"), hereby jointly move for the appointment of a receiver who has the exclusive and broad power and authority to manage and control the businesses and properties of NPG, Nor Pac, RTH, and Burns, and in support of this motion state as follows:

1. Plaintiff is the Administrative Lender to the defendants pursuant to a Credit Agreement dated December 22, 2006, as amended (collectively with all amendments, the "Credit Agreement"). Defendants have defaulted on the loans due to Plaintiffs. The present amount outstanding is approximately $42 million.

2. Plaintiff has nominated Edward Hostmann, Inc., to serve as receiver.

3. Defendants NPG, Nor Pac, RTH, and Burns have waived notice of the motion and have consented to the appointment of a receiver.

4. Defendants NPG, Nor Pac, RTH, and Burns consent to the selection of Edward Hostmann, Inc., as receiver.

5. This motion is supported by the plaintiff's Memorandum of Law in Support of Stipulated Motion for the Appointment of Receiver, the Declaration of Amy L. Newman.

6. Plaintiff is also filing the declaration of Edward Hostmann, the president and founder of Edward Hostmann, Inc., setting forth the qualifications and experience of the proposed receiver.

Page 2 -   Stipulated Motion for the Appointment of a Receiver

PDXDOCS:1877390.3

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204-3699

7. A proposed form of order attached hereto as Exhibit A

DATED this 20th day of January, 2010.

IT IS SO STIPULATED:

| MILLER NASH LLP | PERKINS COIE LLP |
|---|---|
| *Teresa H. Pearson* (signature) | (signature) |
| Teresa H. Pearson, P.C., OSB No. 953750 | George K. Fogg, OSB No. 912700 |
| teresa.pearson@millernash.com | gfogg@perkinscoie.com |
| Bruce A. Rubin, P.C., OSB No. 763185 | 1120 NW Couch Street, Tenth Floor |
| bruce.rubin@millernash.com | Portland, Oregon 97209-4128 |
| Clifton Molatore, P.C., OSB No. 044699 | Phone: (503) 727-2022 |
| clifton.molatore@millernash.com | Fax: (503) 346-2022 |
| Phone: (503) 224-5858 | |
| Fax: (503) 224-0155 | Attorneys for Defendants North Pacific Group, Inc., Nor Pac Enterprises, Inc., RTH Lumber Co., and Burns Holdings, Inc. |
| Attorneys for Plaintiff Wells Fargo Capital Finance, Inc., formerly known as Wells Fargo Foothill, Inc. | |

Page 3 -   Stipulated Motion for the Appointment of a Receiver

PDXDOCS:1877390.3

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204-3699

Page 1

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| WELLS FARGO CAPITAL FINANCE, INC., formerly known as Wells Fargo Foothill, Inc., a California corporation, as Administrative Lender and Agent on behalf of itself, Bank of America, N.A., and The CIT Group/Business Credit, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>NORTH PACIFIC GROUP, INC., an Oregon corporation; NOR PAC ENTERPRISES, INC., an Oregon corporation; RTH LUMBER CO., an Oregon corporation; and BURNS HOLDINGS, INC., a dissolved Oregon corporation,<br><br>Defendants. | CV No. _____<br><br>ORDER APPOINTING RECEIVER |

This matter came before the Court on plaintiff's stipulated motion for the appointment of a receiver. A hearing was held on January ___, 2010. Plaintiff Wells Fargo

Page 1 -   Order Appointing Receiver

**EXHIBIT A**
**Page** 1

PDXDOCS:1877503.4

Capital Finance, Inc., formerly known as Wells Fargo Foothill, Inc. ("Wells Fargo") was represented by Teresa H. Pearson and Bruce L. Rubin of Miller Nash LLP. Defendants North Pacific Group, Inc. ("NPG"), NOR PAC Enterprises, Inc. ("Nor Pac"), RTH Lumber Co. ("RTH"), and Burns Holdings, Inc. ("Burns") were represented by George K. Fogg. The proposed receiver, Edward Hostmann, Inc., was represented by Barry Caplan.

The Court having been fully advised in the premises hereby finds as follows:

A.  Notice of this matter has been given to defendants as required by law, and defendants have waived all notice requirements;

B.  Plaintiff is the Administrative Lender to the defendants pursuant to a Credit Agreement dated December 22, 2006, as amended (collectively with all amendments, the "Credit Agreement"). As Administrative Lender, Wells Fargo has the authority to enforce the Credit Agreement on behalf of itself, Bank of America, N.A., ("Bank of America"), and The CIT Group/Business Credit, Inc. ("CIT"). Defendants have defaulted on the loans due to Plaintiffs. The present amount outstanding is approximately $42 million.

C.  To secure their obligations under the Credit Agreement, NPG, Nor Pac, RTH, and Burns granted a security interest in all of their personal property and rights in personal property, including, without limitation, their accounts, rights to payment, general intangibles, records, goods, fixtures, inventory, equipment, money, letter of credit rights, supporting obligations, instruments, chattel paper, deposit accounts, documents, investment property, commercial tort claims, products and proceeds (collectively, the "Collateral"), to Wells Fargo, for the benefit and on behalf of Wells Fargo, Bank of America, and CIT. Wells Fargo has perfected its security interest in the Collateral.

D.  Wells Fargo's right to its Collateral is probable, and such Collateral and the profits and proceeds from such Collateral are in danger of being lost or materially injured or impaired;

E.  Wells Fargo is entitled to the appointment of a receiver who has the exclusive and broad power and authority to manage and control the businesses and properties of NPG, Nor Pac, RTH, and Burns in order to preserve the value of the Collateral;

F.  Edward Hostmann, Inc. ("EHI"), is a responsible, competent, and qualified entity to be appointed as receiver for the businesses and properties of NPG, Nor Pac, RTH, and Burns;

G.  The receiver's bond should be set in the amount of $2 million.

Therefore, it is hereby

ORDERED as follows:

1.  EHI is hereby appointed receiver exclusively to take possession of, control, manage, and operate the businesses and properties of NPG, Nor Pac, RTH, and Burns for the purpose of preserving and protecting the Collateral and for the purpose of liquidating the Collateral and using the proceeds thereof to pay the obligations of NPG, Nor Pac, RTH, and Burns to Wells Fargo, Bank of America, and CIT in accordance with the terms of this order.

2.  Without limiting the foregoing, EHI shall have legal custody and control of the businesses and properties of NPG, Nor Pac, RTH, and Burns, including but not limited to the Collateral, and shall have the following powers and duties with respect thereto:

   a.  To take exclusive charge, control, custody, and possession of the businesses and properties of NPG, Nor Pac, RTH, and Burns, tangible and intangible, including but not limited to the Collateral;

   b.  To manage, operate, maintain and preserve the businesses and properties of NPG, Nor Pac, RTH, and Burns, including but not limited to the Collateral, and dispose of any of the businesses and properties of NPG, Nor Pac, RTH, and Burns, including but not limited to the Collateral, in accordance with the terms of this order;

    c. To collect all profits and proceeds from the businesses and properties of NPG, Nor Pac, RTH, and Burns, including but not limited to accounts, and give receipts therefor;

    d. To make such payments and disbursements as EHI deems necessary or appropriate to ensure continued operation of the businesses and properties of NPG, Nor Pac, RTH, and Burns during the liquidation process, as EHI shall determine to be appropriate, to protect and maintain the businesses and properties of NPG, Nor Pac, RTH, and Burns, including but not limited to the Collateral, and to carry out the receiver's duties as set forth herein in accordance with the terms of this order;

    e. To sell the businesses and properties of NPG, Nor Pac, RTH, and Burns, including but not limited to the Collateral, which has not been reduced to proceeds as the receiver deems appropriate. Notwithstanding the foregoing, the receiver shall not sell any assets of a value in excess of $3,500,000 outside of the ordinary course of business without obtaining approval of the Court following notice to parties as provided herein. Any order approving such sale shall provide that the assets are sold free and clear of all liens and claims and that the proceeds of such sale shall be impressed with any liens encumbering such assets to the same extent, validity and priority as such liens attached to the assets sold;

    f. To give such notices as EHI may deem necessary;

    g. To contract with or hire, pay, direct, discipline, suspend, or discharge all persons deemed necessary by EHI for the management, collection, or disposition of the businesses and properties of NPG, Nor Pac, RTH, and Burns, including but not limited to the Collateral;

h. To select, employ, and pay legal counsel, accountants, and other professionals, as may be necessary, to assist EHI in performing its functions hereunder;

i. To the extent necessary and prudent, to obtain and maintain adequate public liability insurance, to the extent adequate insurance does not already exist;

j. To the extent necessary and prudent, to obtain and maintain property insurance, with an endorsement for extended coverage, in the full amount of the insurable value of the Collateral;

k. To continue in effect any contracts presently existing that relate to the businesses and properties of NPG, Nor Pac, RTH, and Burns, to the extent necessary to preserve the value of the Collateral;

l. To enter into, modify, or terminate any contracts that relate to the businesses and properties of NPG, Nor Pac, RTH, and Burns, including but not limited to the Collateral, as EHI deems necessary or appropriate to properly ensure the continued operation of the businesses and properties of NPG, Nor Pac, RTH, and Burns (to the extent reasonably prudent to do so), to preserve, protect, and maintain the Collateral, or to carry out EHI's duties as set forth herein;

m. To institute, prosecute and defend, compromise, adjust, intervene in, or become a party, by substitution or otherwise, to such actions in proceedings in state or federal courts as may in its opinion be necessary or proper for the benefit of the businesses and properties of NPG, Nor Pac, RTH, and Burns, including but not limited to the Collateral, or the carrying out of the terms of this Order;

n. To review the books and records of NPG, Nor Pac, RTH, and Burns to determine if any improper transfers or conveyances were made, and

to pursue any necessary actions to recover any funds that were improperly transferred or conveyed; and

    o.    To generally do other things that are necessary or incidental to the foregoing specific powers, directions, and general authorities and to take actions relating to the businesses and properties of NPG, Nor Pac, RTH, and Burns that are provided in the loan documents and provided by law.

    p.    As a court appointed receiver, EHI will exercise its duties under this order with due regard to the interests of all parties, including but not limited to Wells Fargo, Bank of America, CIT, NPG, Nor Pac, RTH, and Burns.

3.    NPG, Nor Pac, RTH, and Burns, and their officers, directors, agents, representatives, shareholders, and employees shall:

    a.    Turn over to the receiver the possession, custody, and control over the businesses and properties of NPG, Nor Pac, RTH, and Burns, including but not limited to the Collateral, and the proceeds thereof, and the records, books of account, ledgers and all business records of NPG, Nor Pac, RTH, and Burns, wherever located and in whatever mode maintained (including, without limitation, information contained on computers and any and all software relating thereto as well as all banking records, statements and cancelled checks), including but not limited to the rights of NPG, Nor Pac, RTH, and Burns to use telephone numbers, email addressees, websites, and marketing materials;

    b.    Turn over to the receiver all documents which constitute or pertain to the businesses and properties of NPG, Nor Pac, RTH, and Burns, including but not limited to all licenses, permits or governmental approvals relating to the businesses and properties of NPG, Nor Pac, RTH, and Burns;

    c.    Turn over to the receiver all documents which constitute or pertain to insurance policies, whether currently in effect or lapsed, which relate to

the businesses and properties of NPG, Nor Pac, RTH, and Burns, including but not limited to the Collateral;

    d. Turn over to the receiver all contracts, leases and subleases, management agreements, franchise agreements, royalty agreements, employment agreements, licenses, assignments or other agreements of any kind whatsoever, whether currently in effect or lapsed, which relate to or are related to any part or all of the businesses and properties of NPG, Nor Pac, RTH, and Burns, including but not limited to the Collateral; and

    e. Fully cooperate with the receiver.

  4. NPG, Nor Pac, RTH, and Burns, and their officers, directors, agents, representatives, shareholders, and employees, and all other persons and entities that have notice of this order, are hereby prohibited from:

    a. Interfering with the receiver, directly or indirectly, in the management and operation of the businesses and properties of NPG, Nor Pac, RTH, and Burns, including but not limited to the Collateral, or otherwise directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets or negatively affect the operations of the businesses and properties of NPG, Nor Pac, RTH, and Burns, including but not limited to the Collateral;

    b. Expending, disbursing, transferring, assigning, selling, conveying, devising, pledging, mortgaging, creating a security interest in, or otherwise disposing of the whole or any part of the businesses and properties of NPG, Nor Pac, RTH, and Burns, including but not limited to the Collateral without the prior written consent of the receiver and Wells Fargo; provided, however, that nothing contained in the Order shall prohibit or restrain the Wells Fargo from initiating and/or completing a sale by judicial or nonjudicial

foreclosure of the Collateral, or any portion thereof, and thereafter taking title and possession thereto; and

    c.    Doing any act which will, or which will tend to, directly or indirectly, impair, defeat, prevent, or prejudice the preservation of the businesses and properties of NPG, Nor Pac, RTH, and Burns, including but not limited to the Collateral, or Wells Fargo's interest in such assets and operations of the businesses and properties of NPG, Nor Pac, RTH, and Burns.

    5.    EHI shall maintain a segregated account or accounts for each of NPG, Nor Pac, RTH, and Burns (the "Account") in its name as receiver at a federally insured banking institution. Upon receipt, all proceeds, profits and moneys derived from the businesses and properties of NPG, Nor Pac, RTH, and Burns, including but not limited to the Collateral, shall be deposited by EHI in the Account, and EHI shall maintain separate accounting records for the revenues and expenses of the businesses and properties of NPG, Nor Pac, RTH, and Burns. Until further order of the Court, EHI shall apply the proceeds in the Account as follows:

    a.    First: to the reasonable costs and expenses of taking charge of, possessing, operating, managing, controlling, the businesses and properties of NPG, Nor Pac, RTH, and Burns, including but not limited to the Collateral in accordance with the terms of this order, including but not limited to costs and expenses incurred by EHI in exercising its powers and duties as set forth herein, and to payment of EHI's compensation as described herein. To the extent it is possible to do so, EHI should pay these expenses from funds unencumbered by any liens;

    b.    Second: to Wells Fargo, for application against the indebtedness owing to Wells Fargo, Bank of America, and CIT that is secured by the Collateral; provided, however, if there is an interest in the Collateral that has priority over the interest of Wells Fargo, Bank of America, and CIT, then EHI

shall apply the proceeds to payment of that indebtedness; and further provided that, if the property sold is subject to the lien of a creditor other than Wells Fargo, then EHI shall apply the proceeds to payment of that indebtedness; and further provided that, to the extent there is a dispute between EHI, Wells Fargo, and any other holder of a security interest as to the priority or amount of a lien, EHI may file a motion with this Court to determine the propriety of the proposed distribution; and

        c.    Third: the balance to be retained by EHI in the Account pending further order of the Court.

Notwithstanding the foregoing, EHI may continue to receive payments on behalf of the receivership estate in the existing lockbox accounts for NPG, Nor Pac, RTH, and Burns. In addition, until EHI can practicably set up separate accounts, EHI shall have the authority to operate the businesses and properties of NPG, Nor Pac, RTH, and Burns using the existing bank accounts and all existing cash management systems.

      6.    EHI shall file with the Court a monthly statement showing all receipts and disbursements, in reasonable detail. EHI shall make copies of supporting invoices available to interested parties for review upon reasonable notice. Each statement shall cover the applicable calendar month and shall be delivered not later than the 15th day of the month next following the reported month. EHI shall send by first class mail a copy of the monthly statement, without copies of the supporting receipts and disbursements, to each of the persons named below, at the addresses designated, not later than the 15th day of the month next following the stated month:

////
////
////
////
////

For Plaintiff:

| | |
|---|---|
| Ms. Amy L. Newman<br>Vice President<br>Wells Fargo Capital Finance, Inc.<br>2450 Colorado Ave., Suite 3000 West<br>Santa Monica, CA 90404<br>Phone: 310-453-7365<br>Fax: 866-350-9537<br>Email: amy.newman@wellsfargo.com | Teresa H. Pearson<br>Miller Nash LLP<br>111 S.W. Fifth Avenue, Suite 3400<br>Portland, Oregon 97204<br>Phone: (503) 205-2646<br>Fax:   (503) 224-0155<br>Email: teresa.pearson@millernash.com |

For Defendants:

| | |
|---|---|
| Jay A. Ross<br>North Pacific Group, Inc.<br>10200 S.W. Greenburg Road<br>Portland, Oregon 97223<br>Phone: (503) 872-3717<br>Fax: (503) 238-2641<br>Email: jross@northpacific.com | George K. Fogg<br>Perkins Coie LLP<br>1120 NW Couch Street, Tenth Floor<br>Portland, Oregon 97209-4128<br>Phone: (503) 727-2022<br>Fax: (503) 346-2022<br>Email: gfogg@perkinscoie.com |

Any notices given to EHI pursuant to this order shall be provided to:

| | |
|---|---|
| Edward Hostmann<br>Edward Hostmann, Inc.<br>4500 S.W. Kruse Way, Suite 100<br>Lake Oswego, Oregon 97035<br>Phone: (503) 968-6542<br>Fax: (503) 968-6544<br>Email: EHostmann@hostmann.com | Barry Caplan<br>Sussman Shank, LLP<br>1000 S.W. Broadway, Suite 1400<br>Portland, Oregon 97205<br>Phone: (503) 227-1111<br>Fax: (503) 248-0130<br>Email: Barry@sussmanshank.com |

      7.    As compensation for its services, EHI shall be entitled to compensation for its services performed as a receiver at its normal hourly rates. The current standard rate for Edward Hostmann is $435 per hour. The current standard rate for other employees of EHI range from $235 to $295. The billing rates for the receiver are subject to periodic review and adjustment. In addition, EHI shall be entitled to reimbursement for all reasonable costs and expenses (including but not limited to professional fees) incurred in performing services in this matter. Such reimbursable fees, costs and expenses shall include any incurred by EHI in

defending litigation brought by any interested party to adjudicate the propriety of any actions the receiver takes pursuant to this order (except that EHI shall not be entitled to such reimbursement if the Court determines that liability arose from EHI's bad faith, gross negligence, willful malfeasance, or reckless disregard of duty).

8.   EHI shall give notice to interested parties of the fees to be paid to EHI and its professionals on a monthly basis, and shall be authorized to make such payments unless EHI receives a written objection within ten days of such notice. If an objection is received, EHI may pay any fees not subject to objection, and may promptly file a motion with the Court to have such objection heard and ruled upon.

9.   Within 60 days from the date of this order, EHI shall file a report with the Court setting forth (a) a reasonably detailed description of the businesses and properties of NPG, Nor Pac, RTH, and Burns, (b) the interests in and claims against the businesses and properties of NPG, Nor Pac, RTH, and Burns, including but not limited to the Collateral, (c) the income-producing capacity of the businesses and properties of NPG, Nor Pac, RTH, and Burns, and any recommendations by EHI as to the best method of realizing its value for the benefit of those entitled.

10.   EHI may apply to the Court, after notice to all parties, for further instructions or powers, as may be necessary, to enable it to properly fulfill its duties under this receivership.

11.   Upon reasonable notice to EHI, NPG, Nor Pac, RTH, and Burns (and any authorized agent or representative of them) shall be entitled to reasonable access to review EHI's operation of the businesses and properties of NPG, Nor Pac, RTH, and Burns, and otherwise receive information regarding the status of the businesses and properties of NPG, Nor Pac, RTH, and Burns. Notwithstanding the foregoing, EHI will have complete and final authority regarding the operation of the businesses and properties of NPG, Nor Pac, RTH, and Burns, and the disposition of the Collateral, subject only to the direction and control of this Court.

12. EHI will not be liable for any act or omission relating to the businesses and properties of NPG, Nor Pac, RTH, and Burns, nor any of their officers, directors, agents, representatives, shareholders, and employees, or be held to any personal liability whatsoever in tort, contract, or otherwise in connection with the discharge of its duties under this Order, except for liabilities arising from EHI's bad faith, gross negligence, willful malfeasance, or reckless disregard of duty. Without limiting the foregoing, EHI shall not be liable to any other party in any way for any damages or liability resulting from the existence or use, discharge, or storage by any person other than EHI of any hazardous substance, or for liability for any product produced, sold, or delivered prior to EHI's appointment as receiver. In addition, Wells Fargo, Bank of America, and CIT will not be liable for any act or omission of EHI.

13. If the businesses and properties of NPG, Nor Pac, RTH, and Burns do not generate sufficient revenue following the appointment of the receiver to pay the operating and liquidating expenses and approved charges of the receiver (including, but not limited to, those described in paragraph 8) and the fees and expenses of any attorneys, accountants, or other professionals employed by the receiver, the receiver shall borrow money from Wells Fargo, Bank of America, and CIT to enable the receiver to pay such expenses and Wells Fargo, Bank of America, and CIT shall lend the amount in question to the receivership estate on the basis described in paragraph 15 of this order.

14. Within 30 days of the receiver's appointment hereunder, the receiver shall present to Wells Fargo a report identifying any capital expenditures the receiver believes need to be made immediately in order to preserve and protect the value of the businesses and properties of NPG, Nor Pac, RTH, and Burns. If Wells Fargo agrees regarding the necessity and cost of the proposed capital expenditures identified by the receiver, the receiver may make such expenditures from cash of the businesses and properties of NPG, Nor Pac, RTH, and Burns available to the receiver. If there is not sufficient cash of the businesses and properties of NPG, Nor Pac, RTH, and Burns available to the receiver to make capital expenditures approved by

Wells Fargo, the receiver may request Wells Fargo, Bank of America, and CIT to make an advance to the receivership estate (in accordance with paragraph 15 of this order) in an amount sufficient to pay for the capital expenditures in question. If Wells Fargo, Bank of America, and CIT, in their sole and absolute discretion agree to advance funds to the receivership estate to enable the Receiver to make protective capital expenditures, and the aggregate amount of such advances by Wells Fargo, Bank of America, and CIT (determined by aggregating all such advances made by them on or after the date of entry of this Order) is less than or equal to $500,000, then Wells Fargo, Bank of America, and CIT can advance such amounts to the receiver on behalf of the estate without notice or a hearing by the Court. If the aggregate amount Wells Fargo, Bank of America, and CIT agree to advance to the receiver in respect of protective capital expenditures is greater than $500,000, the receiver shall file a motion seeking authority to have Wells Fargo, Bank of America, and CIT advance the funds in question (with such advance to be secured in accordance with paragraph 15 of this order). All parties to this action shall be provided at least five (5) business days notice of the hearing on such a motion. In limitation of the preceding sentence, if the receiver, in the receiver's reasonable discretion, determines that: (a) there is a material and immediate risk of impairment to the health or safety of any person, or of immediate, serious, material and irreparable harm to the Collateral; and (b) a reasonably prudent response to such risk requires that the receiver obtain funds in less than five (5) days, then the receiver shall be authorized to apply to Wells Fargo, Bank of America, and CIT for such amount of funds as the receiver reasonably determines to be appropriate and Wells Fargo, Bank of America, and CIT shall be authorized to advance such amount without regard to the $500,000 limitation set forth above, and without notice or a hearing by the Court.

    15.    All funds borrowed by the receiver from Wells Fargo, Bank of America, and CIT shall be deemed to be borrowings by NPG, Nor Pac, RTH, and Burns. The receiver may execute and issue in favor of Wells Fargo, Bank of America, and CIT promissory notes or other instruments evidencing the indebtedness with respect to all sums borrowed by the receiver

from them on behalf of NPG, Nor Pac, RTH, and Burns. All sums advanced by Wells Fargo, Bank of America, and CIT to the receiver pursuant to paragraphs 13 and 14 of this order, together with interest thereon at the default contract rate, shall be secured by Wells Fargo's existing lien and security interest in the Collateral, and otherwise shall constitute a first lien against such assets.

16. EHI may at any time apply to this Court, after notice to all parties, for further or other instructions and powers necessary to enable EHI to properly perform its duties.

17. The appointment of the receiver provided for herein is subject to EHI posting security in the amount of $2 million. The costs of such security shall be paid out of the assets of the receivership estate. EHI is authorized to file a fax or electronic copy of the security so long as the original security is filed in due course.

18. Upon payment in full to Wells Fargo of the amounts due, EHI shall file an application to terminate the receivership together with a final accounting. In the event any interested party objects to the termination of the receivership and desires that the receivership continue, then as a condition to continuing the receivership, such interested party shall fund the receiver's costs and fees until the receivership is terminated. The receivership shall not be terminated, and the rights and obligations of the parties subject to this Order shall remain in full force, until this Court approves the receiver's final report or until the Court enters an order terminating the receivership. If such interested party fails to cover such costs and fees of the continuing receivership, EHI shall be permitted to resign as receiver upon thirty (30) days notice.

19. During the receivership, and after termination of the receivership, no party may initiate litigation against EHI as receiver without first seeking authority from this Court. To the extent the Court allows any such litigation to proceed, Plaintiff shall indemnify receiver for and hold receiver harmless from any and all actions, causes of action, claims, costs, damages, liabilities or expenses, including reasonable attorney fees (collectively "Claims") incurred by receiver by reason of, during, and/or arising from its appointment and service as receiver, except

to the extent that they arise from receiver's bad faith, gross negligence, willful malfeasance, reckless disregard of duty, or fraud, excluding any Claims to the extent same are covered and satisfied by insurance.

DATED this _____ day of January, 2010.

_____
United States District Court Judge

Submitted by:

MILLER NASH LLP

_____
Teresa H. Pearson, P.C., OSB No. 953750
teresa.pearson@millernash.com
Bruce A. Rubin, P.C., OSB No. 763185
bruce.rubin@millernash.com
Clifton Molatore, P.C., OSB No. 044699
clifton.molatore@millernash.com
Phone: (503) 224-5858
Fax: (503) 224-0155

Attorneys for Plaintiff Wells Fargo Capital Finance, Inc., formerly known as Wells Fargo Foothill, Inc.